STUBMAN *v.* MODRACK.

1. DEEDS—DELIVERY—SUFFICIENCY OF EXECUTION.

Where a decedent executed deeds several years before her death, telling the attorney who prepared them that when she died everything would be all right, and kept them in a safe in which she deposited her will, afterwards executed, and where she told her son to have the deeds recorded after her death, but kept control of them herself, in the safe, no sufficient delivery was shown, although the son placed the instruments on record after her decease.

2. WITNESSES—EVIDENCE—STATUTES—MATTERS EQUALLY WITHIN
   KNOWLEDGE OF DECEASED.
   Testimony of the son who caused the deeds to be recorded, that
   deceased directed him to have them placed on record after
   her death, was competent as to deeds not running to him as
   grantee or in which he had no interest except as the agent of
   deceased.

Appeal from Ottawa; Padgham, J.   Submitted October 26, 1910.   ( Docket No. 120.)   Decided December 22, 1910.

Bill by Louis Stubman by John Vyn, his next friend, against John Modrack, Mary Modrack, Louis Fischback, and Louis Fischback and William Thieleman, executors of the estate of Ulrika Luhm, deceased, to set aside certain deeds.   From a decree dismissing the bill, com. plainant appeals.   Reversed.

*Corrie C. Coburn* and *Smedley, Hall & Freeland*, for complainant.

*Walter I. Lillie* and *George A. Farr*, for defendants.

OSTRANDER, J.   Ulrika Luhm died August 10, 1908, testate, her last will was probated, and administration of her estate was entered upon.   In March, 1892, she executed a deed of real estate.   In January, 1902, she executed five deeds of real estate.   They are all short-form warranty deeds.   After her death and on August 28, 1908, her son, Louis Fischback, caused the deeds to be recorded. Louis Stubman is grantee in two of the deeds, and in the others Louis Fischback, John Modrack, and Mary Modrack, respectively, are the grantees.   They are all children or grandchildren of decedent.   Complainant seeks a decree setting aside three of the deeds—not those running to himself—his claim being that decedent never delivered them.   Whether they were delivered is the question presented, and, with it, the question whether it was competent for Louis Fischback to testify to decedent's directions

concerning the deeds. At the circuit a decree was entered dismissing the bill.

The history of these deeds is as follows: They were all of them drawn by the attorney for decedent, who also signed them as a witness and executed the notary's certificates. The other witness was the son of the scrivener, himself a lawyer. All of the deeds dated in 1902 were ordered at one time, four of them being dated January 30th, and one January 31st. When they were finished, decedent said, "When I go dead, then everything is all right," or, "Everything is all fixed." They were kept by decedent in a safe in which her will, executed the next month, was also kept. They were found in the safe after her death. Before her death she told her son, Louis Fischback, who worked for, or with, her in her saloon, and who with her ran across them one day in looking for some other paper in the safe:

"Put them back in there. If I should die or something should happen, why you take care of them and have them recorded."

Decedent told others that, in substance, she had disposed of her property. Louis Fischback first took the deeds to the probate judge and later, as has been stated, caused them to be recorded. We have not found a copy of decedent's will in the record. It seems to be agreed that in terms it disposes of all of decedent's property to Louis Fischback and Louis Stubman, in equal shares.

Assuming that Louis Fischback was, as to the deeds not running to himself, the mere agent or trustee of decedent to execute her purpose, it is not clear that his testimony of the directions given him by decedent should be excluded. See *Jenkinson* v. *Brooks*, 119 Mich. 108, 111 (77 N. W. 640). We do not decide the question because we are satisfied that his testimony does not alone, or in connection with all other circumstances disclosed, prove a delivery of the deeds by the decedent. Certainly they were not delivered to Louis Fischback. They were never

beyond the control of the grantor. It does not appear that the grantees, other than Fischback, knew of the existence of the deeds.

We feel obliged to reverse the decree of the circuit court and to enter here a decree for complainant, with costs of both courts.

BIRD, C. J., and HOOKER, MOORE, and STONE, JJ., concurred.