DRAKE *v.* BISSENGER.

1. DEEDS—DELIVERY—FINDING OF COURT—EVIDENCE.

In suit by administrator with will annexed to set aside deed given by an insolvent grantor, evidence supported finding of trial court that deed was delivered with the intention of becoming effective during grantor's lifetime.

2. SAME—INTENT TO CONVEY A PRESENT INTEREST—EVIDENCE.

In suit by administrator with will annexed to set aside deed given by insolvent grantor to her sister, that grantor lived in house until her death nearly 18 months after deed was executed and delivered, that she carried fire insurance in her own name and made a will devising grantee all of her property, both real and personal, *held,* not determinative of question of grantor's intent to convey a present interest in the property to grantee.

3. SAME—OBJECT OF DELIVERY—CONVEYANCE OF PRESENT INTEREST IN LAND.

To constitute a valid delivery of a deed there must have been a conveyance of a present interest in land and the whole object of the delivery of a deed is to indicate an intent upon the part of the grantor to convey a present interest in the land.

4. SAME—DELIVERY.

The act of delivery is not necessarily a transfer of the possession of the instrument to the grantee, and an acceptance by him, but it is that act of the grantor, indicated either by acts or words, or both, which shows an intention on his part to perfect the transaction by a surrender of the instrument to the grantee, or to some third person for his use and benefit.

5. FRAUDULENT CONVEYANCES—TRANSFER FROM ONE SISTER TO ANOTHER—ADEQUACY OF CONSIDERATION.

Where no rights of creditors intervene, transfer from one sister to another in payment of services is lawful and adequacy of consideration unimportant, but where creditors are interested, transaction is subject to close scrutiny and fairness of consideration is material, and where it assumes to be in payment of antecedent debt, consideration must not be disproportionately small as compared with value of property or obligation obtained (3 Comp. Laws 1929, § 13394).

6. SAME—ADEQUACY OF CONSIDERATION—FINDING OF COURT—EVIDENCE.

In suit by administrator of estate of an insolvent decedent to set aside deed by decedent to her sister, the defendant, of property worth $2,000 more than homestead exemption, finding of trial court that antecedent consideration furnished by defendant was adequate was sustained by testimony that defendant had attended deceased off and on for a considerable time during various illnesses, had done the housework, had paid bills, and put $600 into the property.

Appeal from Jackson; Simpson (John), J. Submitted June 7, 1940. (Docket No. 51, Calendar No. 41,179.) Decided September 6, 1940.

Bill by Robert L. Drake, administrator with will annexed of the estate of Mary K. Wesch, deceased, against Elsie K. Bissenger and others to recover assets allegedly belonging to the estate. Decree for defendants. Plaintiff appeals. Affirmed.

*William H. Aubrey,* for plaintiff.

*David Anderson* and *David Anderson, Jr.,* for defendant Bissenger.

SHARPE, J. Plaintiff as administrator of the estate of Mary K. Wesch brings this action against Elsie K. Bissenger and others to recover assets of the estate.

On September 17, 1934, Mary K. Wesch executed an instrument purporting to be a deed to her sister Elsie K. Bissenger, which deed was recorded March 4, 1938. Mary K. Wesch died March 7, 1936.

Mary K. Wesch was the owner of a homestead; she had been sick several years prior to her death. Defendant Elsie K. Bissenger was a resident of Van Buren county, Michigan. Every time that Mrs. Wesch became seriously ill, she would send for her

sister who would come and stay with her, doing the housework and generally maintaining the home. At one time Mrs. Bissenger stayed nearly a year caring for her sister, and at other times she would stay a few weeks or a few months.

On September 17, 1934, Mrs. Wesch went to the office of her attorney and there executed a warranty deed to her sister, and on the 1st day of August, 1935, executed a will in which she gave all her property to her sister Elsie K. Bissenger. After Mrs. Wesch executed the deed, she gave it to her nephew Joseph Knoll to have recorded, but the register of deeds refused to record the deed owing to the fact that there were unpaid taxes on the property. The deed was recorded at a later date.

April 2, 1936, Mrs. Bissenger filed petition for probate of will in which real estate was originally listed at $3,500, this figure was later erased and the word "none" superimposed. Plaintiff was appointed administrator with will annexed of the estate. The inventory showed assets in the amount of $903.50 and claims totalling $6,028.18 were allowed by the probate court against the estate. Plaintiff brings this action to recover assets of the estate. The trial court after hearing all the testimony determined that there had been a proper delivery of the deed to Mrs. Bissenger; that Mrs. Wesch intended the deed to become effective during her lifetime; and that there had been an adequate consideration for the deed.

Plaintiff appeals and contends that there had been no effective delivery of the deed; that if the deed was delivered, it was without consideration and in fraud of creditors; that the deed, if delivered, was intended as security for the creditors of Mrs. Wesch; and that defendant Bissenger is not entitled to claim credit for homestead.

We are in accord with the finding of the trial court that the deed was delivered with the intention of becoming effective during the lifetime of Mrs. Wesch. There was an attempt made to record the deed a few days subsequent to its execution. Mr. Leslie, the attorney who drew the deed, testified that he told Mrs. Wesch that delivery was essential to pass title.

Joseph Knoll, a witness for the defendant, testified as follows:

"*Q.* Will you tell the Judge what, if anything, occurred in reference to this deed?

"*A.* Why, she got it from wherever she had it and gave it [to] Mrs. Bissenger, and I was there because she made the remark that Mr. Leslie said that she would have to have a witness that [it] was given to her, for me to be there and see it given, and I was there when it was given, right in the living room of the house.

"*Q.* Mrs. Wesch handed it to Mrs. Bissenger.

"*A.* Yes.

"*Q.* In your presence.

"*A.* Yes.

"*Q.* What did Mrs. Bissenger do with it?

"*A.* She looked at it and took care of it. That was the last I saw of it, well until, I guess, this morning when you showed it to me.

"*Q.* Or at least until the other trial.

"*A.* Yes.

"*Q.* What did Mrs. Wesch say to her sister when she gave her that deed?

"*A.* She said that she put her money in and put her time in, had been an attendant for her, if she had not been there, that she would not have been there herself, that she would not have pulled through if she had not been there; it was the only thing she could give her; it wasn't what she should have for her time and effort, but that was the best she could do; in fact she hoped she would do better, if she got better."

Max Knoll, a witness for the defendant, testified that Mrs. Bissenger brought the deed to her home in Van Buren county a long time before Mrs. Wesch died and kept it there in the house. Mrs. Bissenger testified that she kept the deed in her possession up to the time of the trial in the instant case.

It is urged by plaintiff that Mrs. Wesch lived in the property until her death; that she carried fire insurance on the property in her own name, and made a will naming Mrs. Bissenger devisee of all her property both real and personal. In our opinion none of the facts relied upon by plaintiff are determinative of the question of an intent to convey a present interest in the property to Mrs. Bissenger.

It is the general rule that to constitute a valid delivery, there must have been a conveyance of a present interest in the land. *Pollock* v. *McCarty*, 198 Mich. 66; *Camp* v. *Guaranty Trust Co.*, 262 Mich. 223. It is also the well-established rule that the whole object of the delivery of a deed is to indicate an intent upon the part of the grantor to convey a present interest in the land. *Gibson* v. *Dymon*, 281 Mich. 137; *Noakes* v. *Noakes*, 290 Mich. 231.

In *Hynes* v. *Halstead*, 282 Mich. 627, 637, the court said:

"The act of delivery is not necessarily a transfer of the possession of the instrument to the grantee, and an acceptance by him, but it is that act of the grantor, indicated either by acts or words, or both, which shows an intention on his part to perfect the transaction by a surrender of the instrument to the grantee, or to some third person for his use and benefit. * * *

"The test is whether it can be said that delivery of the deed was such as to convey a present interest in the land. *Pollock* v. *McCarty*, 198 Mich. 66."

The record sustains the finding of the trial court as to the delivery of the deed.

It is next urged that the deed was without consideration and in fraud of creditors. It is admitted that deceased was insolvent both before and after the execution of the deed.

In *Detroit & Security Trust Co.* v. *Gitre*, 254 Mich. 66, 73, this court said:

"Where no rights of creditors intervene, a transfer from father to son in payment of services is lawful and the adequacy of the consideration unimportant. Even a gift is legal. But where creditors are interested, the transaction is subject to close scrutiny and the fairness of the consideration material. Where it assumes to be in payment of an antecedent debt, the consideration must be not 'disproportionately small as compared with the value of the property or obligation obtained.' 3 Comp. Laws 1929, § 13394 (Stat. Ann. § 26.883)."

The trial court made the following finding of facts on the question of consideration:

"There is no question but what Mrs. Wesch had a right to deed away her homestead and none of the creditors could object to this. Further there is no question but what Mrs. Bissenger put considerable money into the home and in looking after Mrs. Wesch in her sickness and prior to the time of her death. There is no question but what she was there a considerable period prior to her death, approximately at least, according to the testimony, two years off and on.

"The homestead exemption would be worth $1,500, which Mrs. Wesch would have a perfect right to do with as she saw fit. Then there was the item of at least $600 in cash that Mrs. Bissenger put into the property. Then there was the length of services that she rendered for her sister, nursing, caring for her, looking after the home for a period of approximately two years, and then taking her sister to Ann Arbor for a period of approximately ·

three weeks. In the opinion of the court this makes a consideration that was well worth the value of the house.''

The record discloses that the value of the property conveyed is the sum of $3,500. From this amount there should be deducted the sum of $1,500 as homestead exemption which deceased had the right to convey regardless of how many creditors she had.

From an examination of the facts in the instant case, we find that Joseph Knoll testified that he lived with deceased from September, 1932, until her death in March, 1936; that defendant stayed with deceased during the summer of 1932; that she was there three or four months after deceased had a fall; that there were other times when defendant came and stayed with deceased; that when Mrs. Bissenger was there, she did the housework and went with deceased every place she went; that deceased could not get up and down stairs without help; that when she was confined to her bed, defendant took care of her; that defendant often furnished money for lights, fuel and groceries; and that most of the money was spent by defendant before the execution of the deed. The above testimony supports the finding of the trial court. The consideration for the conveyance was adequate. We find no evidence to support the claim of plaintiff that the deed was intended as security for a purported indebtedness of $600.

The decree of the trial court is affirmed, with costs to defendants.

BUSHNELL, C. J., and CHANDLER, NORTH, MC-ALLISTER, WIEST, and BUTZEL, JJ., concurred. The late Justice POTTER took no part in this decision.