DILLON *v.* MEISTER.

1. DEEDS—DELIVERY—EVIDENCE.
  Testimony that grantor, now deceased, had been displeased with some of his relatives and that defendant grantee had taken care of him when he was ill did not tend to establish delivery of the deed to the grantee.

2. SAME—DELIVERY—BURDEN OF PROOF.
  The burden of proof of delivery of a deed rests on grantee claiming thereunder.

3. SAME—DELIVERY—POSSESSION BY GRANTEE.
  Possession of a deed by the grantee thereunder after the death of the grantor in grantee's home, where she had been taking care of him during his illness, *held*, not to have raised a presumption of delivery under circumstances disclosed.

4. SAME—DELIVERY—DEATH—INTENT OF GRANTOR.
  Delivery of a deed, executed by a grantor now deceased, may not be predicated on the basis of a finding that the grantor had intended the grantee should have the property after the grantor's death.

5. SAME—DELIVERY—PRESENT INTEREST.
  Delivery of a deed so as to convey a present interest is essential to its validity.

6. SAME—DELIVERY—EVIDENCE OF INTENT.
  The act of delivery of a deed is not necessarily a transfer of the possession of the instrument to the grantee and an acceptance by him, but it is that act of the grantor, indicated by acts or words or both, which shows an intention on his part to perfect the transaction by a surrender of the instrument to the grantee, or to some third person for his use and benefit.

7. SAME—DELIVERY—BURDEN OF PROOF—EVIDENCE.
  Where evidence shows grantor did not part with possession of deed of apartment house to defendant grantee with intent of making it operative during his lifetime, grantee failed to sustain burden of proving delivery had been effectuated.

8. COSTS—CANCELLATION OF INSTRUMENTS.

> In suit against grantee named in deed sought to be cancelled, executor of grantor's estate and the attorney for the executor, where deed is ordered cancelled on appeal, costs are awarded plaintiffs against the grantee only.

Appeal from Wayne; Callender (Sherman D.), J. Submitted October 10, 1947. (Docket No. 57, Calendar No. 43,820.) Decided December 3, 1947.

Bill by Margaret E. Dillon and others against Susan Meister and others to have a purported deed declared to be null and void and for other relief. Decree for defendants. Plaintiffs appeal. Reversed and decree for plaintiffs ordered entered.

*Royal E. Thompson,* for plaintiffs.

*Donald B. Smith,* for defendant Meister.

CARR, C. J. Plaintiffs herein, as heirs of James W. Dillon, deceased, brought suit in the circuit court for the cancellation of a warranty deed executed by Mr. Dillon as grantor to the defendant Susan Meister as grantee. The instrument in question was dated March 8, 1943, and purported to convey certain real estate in the city of Detroit, said property being an apartment building owned by the grantor. At the same time a second deed was executed by Mr. Dillon to his sister Margaret Dillon, one of the plaintiffs, in the form of a quit-claim conveyance of the grantor's equity in a vacant lot. In May, 1943, following the preparation of these instruments Mr. Dillon executed a will in which he undertook to dispose of all of his personal property but made no mention of the real estate described in the deeds. He died December 20, 1944.

Plaintiffs alleged in their bill of complaint that the deed was not delivered during the lifetime of

Mr. Dillon and that in consequence it was a nullity. They asked that the court so decree and that the instrument be cancelled. The executor under the will of Mr. Dillon, and the attorney for the executor, were joined as parties defendant, plaintiffs asserting that the deed to Miss Meister was in the possession of one or both of such defendants, and an injunction to restrain its delivery to grantee was asked. Plaintiffs further alleged that defendant Meister had, following the death of James W. Dillon, collected rent from the property. The bill of complaint prayed for the appointment of a receiver and for an accounting. In accordance with such prayer defendant Mitten was appointed receiver, and the trial court further ordered that the deed be delivered to the county clerk of Wayne county to be held by him pending the further order of the court.

Defendant Meister, hereinafter referred to for the sake of brevity as the defendant, in her answer to the bill of complaint denied the allegations of the plaintiffs as to the nondelivery of the deed, and claimed that such delivery was, in fact, made on December 17, 1944, three days prior to the death of the grantor. Following a hearing the trial court sustained the contention of the defendant and dismissed the bill of complaint. From the decree entered plaintiffs have appealed, contending that the evidence did not support the conclusion of the trial court that there was a delivery of the deed to the grantee.

No claim is made by defendant that there was any delivery prior to December 17, 1944. On that day Miss Meister called defendant Mitten by telephone, advising him that Mr. Dillon wished to see him. In accordance with the request Mr. Mitten, who was an attorney but not engaged in active practice, went to defendant's home, where Mr. Dillon was rooming, and conversed with him for approximately one hour.

It appears from the testimony of Mr. Mitten that Mr. Dillon requested him to look over some papers and express his opinion concerning them. At the direction of Mr. Dillon defendant obtained from Mr. Dillon's coat pocket a key to a desk located in a room adjacent to the room occupied by Mr. Dillon. At the time the latter was apparently too ill to leave his bed. The testimony indicates, however, that he was mentally alert. Defendant unlocked the desk and Mr. Mitten, following the directions of Mr. Dillon, removed from a compartment therein two envelopes, one containing stock certificates and other papers, and the other the two deeds and the will above mentioned. Defendant was present during the conversation but was not permitted to testify on the trial as to material matters in controversy, equally within the knowledge of the deceased, the objection thereto being based on 3 Comp. Laws 1929, § 14219 (Stat. Ann. § 27.914).

The testimony of Mr. Mitten, which is not disputed, discloses that the two deeds and the will were examined by him, that he indicated to Mr. Dillon that the instruments seemed to be in proper form, and that the latter stated that if anything happened to him he wanted the people named as grantees in the deeds to receive the property. Mr. Mitten told Mr. Dillon that he had heard of deeds being construed as wills, whereupon the latter inquired as to whether he should prepare a codicil to his will in order to carry out his intention. Mr. Mitten replied to the inquiry by stating that he was not sure such action should be taken at that time. The witness further testified that Mr. Dillon seemed optimistic at the time concerning his health, expressing the belief that he might recover.

In the course of the conversation Mr. Dillon indicated to defendant that he thought it might be well for her to have Mr. Mitten collect the rentals from

the property referred to in the deed to her. Defendant stated in substance that that would be satisfactory to her, but it does not appear that she discussed the matter with Mr. Mitten. Counsel for defendant stress the statement made by Mr. Dillon; but the latter, while suggesting an expectation on his part that defendant would own the property at some time, said nothing to indicate whether he considered that she was receiving a present estate or would become the owner after his death.

Following the discussion concerning the deeds, the papers, in accordance with the wishes of Mr. Dillon, were placed in an envelope, which was sealed and put back in the desk by Mr. Mitten. At his suggestion the name of defendant was written by him on the envelope. Apparently her name was on the envelope in which the papers were contained when removed from the desk at the beginning of the interview. The desk was locked by defendant and the key, at Mr. Dillon's direction, was placed on the dresser in his room. It does not appear from the testimony that Mr. Dillon at any time during the period in question handed the deed to defendant, nor did he authorize or direct Mr. Mitten to do so.

On the day following the death of James W. Dillon the plaintiff Margaret E. Dillon and the witness Charles W. Wade went to the home of defendant and asked that they be permitted to see the will. Thereupon defendant procured the key to the desk from the room that Mr. Dillon had occupied, unlocked the desk, and removed the envelope containing the deeds and the will. Her testimony indicates that the envelope was still sealed. She opened it, removed the will, and the parties examined it. The deed in question remained in defendant's possession until turned over to Mr. Mitten, who passed it on to his attorney. It was not recorded.

Do the proofs establish a valid delivery of the deed so that a present interest passed to the grantee? The testimony of the witnesses, other than Mr. Mitten, throws little, if any, light on the question at issue. Apparently, Mr. Dillon made some statements indicating displeasure on his part with certain of his relatives. It appears also that defendant took care of him when he was ill. Such testimony may suggest a reason why Mr. Dillon wished defendant to have the property but does not tend to establish that he made delivery of the instrument to her. The burden of proof on such issue rested on defendant. In *Camp* v. *Guaranty Trust Co.,* 262 Mich. 223, in discussing an analogous situation, it was said:

"Instead of the burden being upon plaintiff to prove nondelivery of the deed, it was upon defendants to show its delivery. They have not done so."

The general rule was declared in the prior case of *Barras* v. *Barras,* 192 Mich. 584, as follows:

"The burden of proving delivery by a preponderance of evidence, like proving any other act necessary to the effectiveness of a deed, is ordinarily upon the party relying upon the deed, and was upon the defendant in this case throughout the trial. *Manistee Nat'l Bank* v. *Seymour,* 64 Mich. 59; *Brown* v. *King,* 5 Metc. (46 Mass.) 173, 181; *Boyd* v. *Slayback,* 63 Cal. 493, 494."

Possession of the deed by the grantee after the death of the grantor raised no presumption of delivery in her favor, the proofs disclosing the circumstances under which she came into possession. Neither may her claim be sustained on the basis of a finding that Mr. Dillon intended that she should have the property after his death. Delivery of the deed so as to convey a present interest was essential. *Pollock* v. *McCarty,* 198 Mich. 66, 72; *Harwood* v.

*Hunt,* 221 Mich. 349, 354; *Hynes* v. *Halstead,* 282 Mich. 627. In the case last cited it was said, citing *Thatcher* v. *St. Andrew's Church of Ann Arbor,* 37 Mich. 264:

"The act of delivery is not necessarily a transfer of the possession of the instrument to the grantee, and an acceptance by him, but it is that act of the grantor, indicated either by acts or words or both, which shows an intention on his part to perfect the transaction by a surrender of the instrument to the grantee, or to some third person for his use and benefit."

See, also, *Stubman* v. *Modrack,* 163 Mich. 667; *Noakes* v. *Noakes,* 290 Mich. 231; *Taylor* v. *Taylor,* 292 Mich. 95; *Drake* v. *Bissenger,* 294 Mich. 487; *Blodgett* v. *Snobble,* 295 Mich. 374.

Applying the general rule recognized by the foregoing decisions and other cases of like character, it must be held that defendant has not sustained the burden of proof resting on her. Doubtless, Mr. Dillon wished her to have the property described in the deed in question but his statements to Mr. Mitten at the time that defendant claims there was a delivery of the deed, indicated that he desired her to have it after his death. His statement with reference to preparing a codicil to his will in order to carry out his intention is inconsistent with any other conclusion. He may have believed that the deed might be rendered operative by the grantee's taking possession of it after his death. The proofs do not establish that he intended her to become the owner so long as he lived. He did not part with possession of the instrument, by giving it to defendant, or to Mr. Mitten with instructions to hold for her. On the contrary, it was put back with the other papers with which it had been kept, sealed in an envelope, and returned to Mr. Dillon's desk, the key

to which was left in his room in accordance with his direction. It cannot be said that he intentionally parted with the instrument merely because the grantee might have obtained the key, opened the desk, and removed it. The conclusion necessarily follows that there was no effective delivery of the instrument. Plaintiffs are, therefore, entitled to the relief sought.

A decree will enter in this Court in accordance with this opinion, reversing the decree of the trial court, directing the cancellation of the deed, and remanding the case to the trial court for such further proceeding as may be found necessary. Plaintiffs will have costs against defendant Meister.

BUTZEL, BUSHNELL, SHARPE, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.