### MEISTER *v.* DILLON.

1. JUDGMENT—RES JUDICATA—SCOPE.

The two matters to which an adjudication once made may be conclusive are the subject matter involved in the litigation and the point of fact or of law, or of both, which was necessarily adjudicated in determining the issue upon the subject matter in litigation.

2. SAME—CHANCERY CASES—RES JUDICATA.

A decree in chancery is no bar to a suit that does not involve the same questions, even though they might have been brought into the first case by a cross bill, but were not.

3. SAME—INDEPENDENT RIGHT OF ACTION—OPTION OF PUTTING IN ISSUE BY DEFENDANT.

An independent right of action in behalf of one sued may be put in issue or withheld at the option of a defendant.

4. SAME—DELIVERY OF A DEED—SPECIFIC PERFORMANCE OF CONTRACT TO LEAVE REAL ESTATE—RES JUDICATA.

Where in a former suit the sole issue was the delivery or non-delivery of a deed under which defendant therein claimed title to the property, the adjudication therein upon the issue of delivery was not *res judicata* of issue presented in such de-

REFERENCES FOR POINTS IN HEADNOTES

[1] 30 Am. Jur., Judgments, § 183.
[2-5] 30 Am. Jur., Judgments, §§ 182, 190.
[2-5] Prior action in which claim might have been asserted by counterclaim, set-off, or cross petition, as barring or abating subsequent independent action thereon.   8 A.L.R. 694.

fendant's subsequent suit for specific performance of an alleged contract by the grantor in the deed to leave such property to the grantee therein in return for her agreement to furnish him a home and with care and food for the remainder of his life, notwithstanding that the fact of the existence of such agreement was presented in the former case in support of contention of defendant therein that there was consideration for such deed, thereby strengthening her show of equity in the former case.

5. SAME—CANCELLATION OF A DEED—SPECIFIC PERFORMANCE—CONSTRUCTION OF DECREE—RES JUDICATA.
    Terms of decree whereby defendant in suit to cancel a deed because of nondelivery was declared to have no right, title or interest in the premises, would not bar such defendant from claiming, in a subsequent suit for specific performance of an alleged contract by the grantor in such deed to leave the property to the grantee therein in return for her agreement to furnish him a home and with care and food for the remainder of his life, that she became vested with title to the property, since the decree can only be construed as meaning that she had no right, title or interest in the premises through the deed involved in the former suit.

Appeal from Wayne; Murphy (Thomas J.), J. Submitted January 7, 1949. (Docket No. 49, Calendar No. 44,188.) Decided April 11, 1949.

Bill by Susan Meister against Margaret E. Dillon and others for specific performance of a contract to make a will. Motion to dismiss granted. Plaintiff appeals. Reversed and remanded for further proceedings.

*Donald B. Smith,* for plaintiff.

*Royal E. Thompson,* for defendant heirs at law.

*Ralph L. Barrows,* for defendant executor.

NORTH, J. In this case plaintiff seeks specific performance of a contract alleged to have been entered into between plaintiff and James W. Dillon, now deceased, it being plaintiff's claim that in 1926 she

entered into an agreement with James W. Dillon "wherein it was agreed and understood that plaintiff would during the remainder of the life of the said James W. Dillon, furnish him with the comforts and conveniences of a home, and proper care and kind of food, attend to his personal wants, and in general care for the said James W. Dillon in sickness and in health during the remainder of his life and that in consideration thereof the said James W. Dillon agreed with plaintiff and entered into a contract with her to the end that upon the death of the said James W. Dillon, plaintiff was to receive all of his property both real and personal;" and plaintiff alleges that she fully performed her part of the contract until the death of said James W. Dillon, which occurred December 20, 1944. Defendants Margaret E. Dillon, Francis M. Dillon and Sarah Ann Wendell, who are heirs at law of James W. Dillon, made a motion to dismiss plaintiff's bill of complaint on the ground that decision in a former case involving the same parties (*Dillon* v. *Meister,* 319 Mich. 428) was *res judicata* of the instant case. This motion to dismiss was granted by the trial court and plaintiff has appealed.

Both in the instant case and in the case above cited Elmer P. Mitten, executor of the estate of James W. Dillon, deceased, was made a party but only in a representative capacity, and, hence, he is not included hereinafter in our references to defendants in the instant case or in the cited case.

The property here involved is a parcel of improved real estate on Gray avenue in the city of Detroit. By his will, which was probated, James W. Dillon left all of his personal property to plaintiff, with the exception of $1 each to certain named relatives. But the testator made no provision in his will for disposition of his real estate. However, the facts and circumstances attending his having exe-

cuted a deed of this property to plaintiff herein appear in *Dillon* v. *Meister, supra.* In that suit, brought by the heirs at law of James W. Dillon, the relief sought by plaintiffs was cancellation of Dillon's deed of this Gray avenue property, in which deed plaintiff herein was the grantee, on the sole ground of nondelivery of the deed. In that case the sole defense by Susan Meister was her claim that the deed was delivered to her in the lifetime of James W. Dillon. She prevailed in the trial court, but the appeal to this Court resulted in reversal and cancellation of the deed.

On this appeal the controlling issue is presented by defendants' claim that decision in the former case is *res judicata* of the instant case. Conclusively the issue of specific performance which plaintiff now seeks was not presented in the former case wherein the deed was held inoperative because of its nondelivery. In the former case plaintiff's contention was of an entirely different character than in the case at bar. In the former case Susan Meister claimed to be the owner of the property by reason of the Dillon deed in which she was the grantee; but in this case she makes no claim that she is the owner. Instead, she seeks to become the owner by means of specific performance of a contract alleged to have been entered into between her and James W. Dillon in his lifetime and by her fully performed.

But defendants herein seek to sustain their claim of *res judicata* by asserting that, had she seen fit so to do, plaintiff herein by cross bill might have submitted in the former case the identical issue presented on this appeal. Plaintiff herein did not file a cross bill in *Dillon* v. *Meister, supra.* In effect the contention of these defendants-appellees is that: In every case wherein a defendant has a cause of action which by cross bill or cross declaration might be asserted against the plaintiff in a pending suit and

thereby defeat or minimize plaintiff's recovery, such defendant must assert his cause of action by cross bill or cross declaration in the case brought against him; otherwise the defendant's right of action is forever barred, provided it is one of which the Court could take jurisdiction, and provided further that plaintiff has not withheld from defendant knowledge of such defense.

While the rule for which defendants contend may find some support in the texts of certain writers and possibly in some adjudicated cases from other jurisdictions, we think it is not, as a hard and fast rule, in harmony with former decisions of this Court. In one of our early decisions a plaintiff landlord, basing his suit on a written lease, sued and recovered from the tenant unpaid instalments of rent, and in making his case plaintiff introduced in evidence his written lease. Later the same plaintiff brought a second suit against the same defendant for unpaid instalments of rent which accrued subsequently to those involved in the first suit; and in the second suit the defendant urged the defense that the lease was not signed by him. The trial judge held that the first suit was *res judicata* of the defense urged in the second suit—*i.e.*, nonexecution of the lease by the defendant. On appeal to this Court the decision of the lower court was reversed and Justice COOLEY in writing the Court's opinion said:

"It is said, however, that the defendants in the first suit were at liberty to put the execution of the lease in issue, and that it was their duty to do so then if they proposed to contest it at all. This is upon the ground that public policy will not suffer the withholding of a defense with a view to further litigation, when a single suit might determine the whole controversy. This is no doubt true where the defense is sought to be made use of in the retrial of a dispute respecting the same subject matter of the

former litigation. *Pierce* v. *Kneeland*, 9 Wis. 23, 31. The question now is, whether the proposition is applicable to a case where the subject matter of the second suit is different. In other words, where one is sued in respect to one subject matter, must he bring forward all his defenses, at the peril, if he fails to do so, of being debarred of them in any subsequent litigation which may involve the same questions, though relating to a different subject matter? We think not. * * *

"The general principles which must govern the case are familiar. There are two matters in respect to which an adjudication once made may be conclusive: *First,* the subject matter involved in the litigation; *second,* the point of fact or of law, or of both, which was necessarily adjudicated in determining the issue upon the subject matter in litigation." *Jacobson* v. *Miller*, 41 Mich. 90, 93, 96.

In another case decided a few months earlier, this Court held:

"A decree in chancery is no bar to a suit that does not involve the same questions, even though they might have been brought into the first case by a cross bill, but were not." *Nims* v. *Vaughn* (syllabus), 40 Mich. 356.

"In case a party neglects to set off a claim when he has an opportunity to do so, he does not thereby preclude himself from recovering his demand, but he will not be allowed any costs in a suit to enforce such claim.

"A plaintiff is not estopped from prosecuting a suit for work and labor by reason of the payment of a judgment recovered against him by defendant, pending such suit, for damages for the improper performance of the work and labor sued for: The claim not being *res judicata,* in one case the action sounding in tort, and the other in assumpsit." *Mimnaugh* v. *Partlin* (syllabi), 67 Mich. 391.

"The first essential of the rule of *res judicata* is the identity of the matter in issue. The 'matter in

issue' is defined to be 'that matter upon which the plaintiff proceeds by his action, and which the defendant controverts by his pleadings.'" *LeRoy* v. *Collins,* 165 Mich. 380.

In the case just above cited the opinion quotes with approval the following:

" 'A matter or question, either of law or fact, is *res judicata,* or set at rest, as to adverse parties and their respective privies, if it was a material issue in the proceeding, directly involved, and not merely incidentally cognizable nor collaterally in question, and was adjudicated, after a contest, by a final judgment on the merits.' 1 Van Fleet's Former Adjudication, p. 2."

In *Leslie* v. *Mollica,* 236 Mich. 610, 616 (49 A. L. R. 546), we said: "This Court is committed to the doctrine that an independent right of action in behalf of one sued may be put in issue or withheld at the option of a defendant. *Mimnaugh* v. *Partlin,* 67 Mich. 391." And in *MacKenzie* v. *Union Guardian Trust Co.,* 262 Mich. 563, 581, we said:

"But when a suit is sought to be maintained or defeated by showing former adjudication of questions upon which it depends, it must appear such questions were litigated as a matter of fact, were submitted to and decided by the jury, and were not collateral inquiries, but crucial questions in the other controversy. An adjudication in favor of a claim will not be conclusive of the minor issues on which the right depends unless it appears not only that they were submitted to the jury but were considered and passed upon by them."

It may be noted that in the *MacKenzie Case* we again reiterated by quoting the matter hereinbefore quoted from *LeRoy* v. *Collins, supra.*

The rule of *res judicata* as most generally applied

is stated in *Cromwell* v. *County of Sac,* 94 U. S. 351, 353 (24 L. Ed. 195), as follows:

"In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined. Only upon such matters is the judgment conclusive in another action."

The opinion of the United States supreme court in the *Cromwell Case* is cited and quoted at some length in support of this Court's opinion in *Bond* v. *Markstrum,* 102 Mich. 11, 17, wherein it is said:

"There are cases from which it would be inferred that when a party had made defense to an action all possible defenses would be cut off in a subsequent action where the same questions were raised, as in this case, where the defendant seeks to introduce a defense to an action upon a second instalment of rent which he did not offer to the action upon a former instalment. According to these cases he would be concluded. But this point was distinctly ruled in the case of *Jacobson* v. *Miller,* 41 Mich. 90, 96, following the case of *Cromwell* v. *County of Sac,* 94 U. S. 351, 356 (24 L. Ed. 195). The latter case contains an exhaustive discussion of the question. Mr. Justice Field, in delivering the opinion, says: 'On principle, a point not in litigation in one action cannot be received as conclusively settled in any subsequent action upon a different cause because it might have been determined in the first action.' "

In Callaghan's recently published Michigan Pleading and Practice the subject of *res judicata* is quite exhaustively treated; and citing in a footnote several Michigan decisions hereinbefore noted, the text reads:

"Distinct claims not necessarily joined with others are not within the scope of an adjudication upon such others, if not actually submitted, or if withdrawn after original submission and prior to adjudication. Claims or contentions which could have been asserted by cross bill or set-off are optional; hence if they are not actually submitted they are not barred.  *  *  *  But, as explained in an earlier chapter of this work, causes of action which are inherently single and entire cannot be split up and asserted piecemeal." 6 Callaghan's Michigan Pleading and Practice, p. 576.

In view of the foregoing it cannot be said that in this jurisdiction there is a hard and fast rule that a defendant who does not affirmatively assert in his defense every possible right of which he has knowledge is estopped on the ground of *res judicata* from asserting such right in a subsequent suit between the same parties. Instead the general rule is as established by the authorities hereinbefore noted, and any decisions of this Court which may seem not in conformity with the general rule must be deemed justifiable exceptions to the rule or controlled by some other established principal of law. It is such cases that are cited and relied upon by defendants herein.

For example, it is well settled law in this jurisdiction that, with some exceptions not present in the suit at bar, one may not by a suit in chancery between the same parties have a judgment at law vacated. In accordance with this rule we have held that in cases wherein a defendant in a suit at law has an equitable defense not available to him on the law side of the court he must, by proceeding in equity, obtain a stay of the lawsuit and have his equitable rights adjudicated prior to judgment in the law case; otherwise he will be barred from subsequently avoiding the judgment against him in the law case. The following cases relied upon by de-

fendants are of this character. *Richard* v. *St. John,* 264 Mich. 192; *Thompson* v. *Doore,* 269 Mich. 466; *Dodge* v. *Detroit Trust Co.,* 300 Mich. 575.

It is likewise established law in this jurisdiction that one may not in a subsequent suit between the same parties have relitigated a controlling fact or circumstance which was within the issue or issues framed by the pleadings for adjudication in the former suit wherein decision was adverse to him. It was under such circumstances that *res judicata* was held to be a defense in the following cases cited and relied upon in defendants' brief. *Hotelen* v. *Haberlen,* 265 Mich. 119; *McDannel* v. *Black,* 270 Mich. 305; *Megantz* v. *Cooke,* 282 Mich. 213; *Westin* v. *Berrien Probate Judge,* 306 Mich. 235; *Boyich* v. *J. A. Utley Co.,* 306 Mich. 625; *United States* v. *California & Oregon Land Co.,* 192 U. S. 355 (24 Sup. Ct. 266, 48 L. Ed. 476).

A case of the above character would have been presented if plaintiff herein had brought a second suit against these same parties wherein she sought to establish her title through the same deed, delivery of which to her in person was the sole issue presented in the former case, but relying in such second suit upon grounds not asserted as a defense in the earlier suit—for example, that the deed was delivered in escrow by the grantor. And in such a case, under certain of the authorities upon which defendants herein rely, plaintiff's right of recovery in such second suit would have been barred by *res judicata.* Seemingly the basic error in defendants' contention in the instant case is that they would give too broad a construction as to what in a legal sense constitutes the subject matter of a given suit, and are thereby led to an erroneous conclusion as to what as a matter of *res judicata* was settled by the former suit between these parties. As noted ear-

lier herein, this has been determined by our decision in *LeRoy* v. *Collins, supra,* where we said:

"The first essential of the rule of *res judicata* is the identity of the matter in issue. The 'matter in issue' is defined to be 'that matter upon which plaintiff proceeds by his action, and which the defendant controverts by his pleadings.'"

In the former suit the sole issue was the delivery or nondelivery of the deed under which Susan Meister claimed she then possessed title to the property involved; but on the other hand, in the instant case plaintiff's claim is based upon entirely different facts and presents an entirely different and distinct issue. She does not in this suit, as in the former, claim that she is possessed of title to this property. Instead she is before the Court asking that she be given title to the property by way of specific performance of the contract between herself and James W. Dillon. It follows that defendants' claim of *res judicata,* on the basis of which their motion to dismiss was granted, is not tenable.

In arriving at the foregoing conclusion we are mindful of, but are not in accord with, defendants' contention that the pleadings in the former case presented the issue on which plaintiff relies in the instant case. While it is true that the agreement between plaintiff and James W. Dillon upon which she now relies was set up quite in full in her answer in the former case, it seems clear that doing so was an effort on the part of the pleader who drafted the answer to show a consideration for the deed under which Susan Meister then asserted title, thereby strengthening her show of equity in the former case. Certainly she did not seek specific performance of the agreement in the former case.

Nor do we overlook defendants' contention herein that by the very terms of the decree in the former

case the issue which plaintiff now presents was adjudicated—*i.e.,* that "Susan Meister has no right, title or interest in said premises." Obviously the foregoing words in fairness can be read to mean only that Susan Meister, through the deed which she claimed had been delivered to her, had "no right, title or interest in said premises." It was not an adjudication that notwithstanding she had fully performed a legally binding contract with James W. Dillon she was not entitled through specific performance thereof to become vested with title to the property.

We also note that defendants cite *Ryckman* v. *Cooper,* 291 Mich. 556, as a case wherein the defendant, under circumstances similar to those involved in the instant case, did assert by cross bill the right to specific performance. But that decision is by no means authority for saying that under such circumstances a defendant *must* assert by cross bill his claim, otherwise in event of a subsequent suit by him his right of action would be barred on the ground of *res judicata.*

Decision in the former case between these parties did not render *res judicata* plaintiff's claim in the instant case, the merits of which are not now before us for consideration. The order dismissing plaintiff's bill of complaint is vacated, the case remanded to the circuit court in chancery for further proceedings therein, and defendants permitted to answer within 15 days after entry of decree in this Court in accordance herewith. Appellant may have costs of this appeal.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, DETHMERS, BUTZEL, and CARR, JJ., concurred.